## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ZIMIMAN BROWN,

       Appellant,

      v.

DEPARTMENT OF DEFENSE,

       Agency.

DOCKET NUMBER
AT-1221-19-0188-W-1

DATE: February 21, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Zimiman Brown, Huntsville, Alabama, pro se.

James J. Delduco, Esquire, Redstone Arsenal, Alabama, for the agency.

Rachel Heafner, Huntsville, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant holds an Information Technology Specialist position with the Missile Defense Agency. Initial Appeal File (IAF), Tab 1 at 7. He filed the instant appeal of an alleged prohibited personnel practice with the Board, and he requested a hearing. *Id.* at 1-5. Specifically, he alleged that, during an August 25, 2015 meeting, he expressed his belief that directions he was given violated the Federal Acquisition Regulation (FAR) regarding "Inherently Governmental Functions." *Id.* at 5. He further alleged that, because he refused to obey such directions, his second-level supervisor directed his first-level supervisor to modify his performance appraisal for Fiscal Year (FY) 2015. *Id.* The appellant also referenced the agency having committed prohibited personnel practices against "at least" 15 other employees. *Id.*

In an Order on Jurisdiction and Proof Requirements, the administrative judge informed the appellant that there was a question as to whether the Board has jurisdiction over this appeal, apprised him of the elements and burden of proving jurisdiction in an IRA appeal, and ordered him to file a statement with accompanying evidence on the jurisdictional issue. IAF, Tab 3. The appellant did not respond.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 4, Initial Decision (ID) at 1, 3. Specifically, the administrative judge found that the appellant did not submit a copy of the whistleblowing complaint that he claimed he filed with the Office of Special Counsel (OSC) or the closure letter from OSC. ID at 3. In so finding, the administrative judge acknowledged that the appellant had submitted a copy of an email message from OSC, which stated as follows: "Attached are the closure letter and individual right of appeal letter

for the above cited matter." *Id.*; IAF, Tab 1 at 59. However, the administrative judge indicated that the appellant "did not submit the referenced attachments," and, therefore, he was "unable to determine whether the 'matter' alluded to in OSC's email message [was] the same one described in the instant Board appeal, or anything else about its substance." ID at 3.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 7-8. In his petition, the appellant explains how he embedded 14 attachments within his Portable Document Format (PDF) initial appeal document. PFR File, Tab 1 at 15-24. He argues that the administrative judge failed to consider these attachments, and he provides copies of the same, to include OSC's closure letter and individual right of appeal letter. *Id.* at 3-14, 25-37; PFR File, Tab 4.

The Board's e-Appeal Online system was not configured to process files embedded within a PDF submission; accordingly, the administrative judge did not review the embedded attachments/files.[2] PFR File, Tab 3 at 1. The Board was able to access some, but not all, of the files purportedly embedded within the appellant's initial submission. IAF, Tab 1. Among the accessible files were copies of OSC's closure letter and individual right of appeal letter. As stated, in his initial decision, the administrative judge acknowledged that the appellant's initial filing had referenced these specific documents; however, the administrative judge, unaware that the appellant had embedded files within his submission, did not review the same. ID at 3; IAF, Tab 1 at 59. Given the unusual circumstances, we find it appropriate to consider the subject letters, PFR File,

---

[2] The Board's prior e-filing system, "e-Appeal Online," was decommissioned on October 1, 2023. However, after the issuance of the initial decision in this appeal, MSPB added language to e-Appeal Online warning users that embedded files were not permitted. The Board's new e-filing system—"e-Appeal"—similarly warns users that embedded files are not permitted and also prevents users from including embedded files in a pleading.

Tab 1 at 34-37, which, as discussed herein, satisfy the appellant's jurisdictional burden.

## ANALYSIS

To establish jurisdiction in a typical IRA appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant must show by preponderant evidence[3] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14.  The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

For the following reasons, we find jurisdiction, and we remand this matter for adjudication of the merits.

<u>The appellant has proven by preponderant evidence that he exhausted his administrative remedies before OSC.</u>

Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal.  The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers*, 2022 MSPB 8, ¶ 10.  An appellant may demonstrate exhaustion through his initial OSC complaint, correspondence with OSC, or other evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal.  *Id.,* ¶ 11.  The appellant must prove

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

exhaustion with OSC by preponderant evidence.  5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1).

Here, the appellant made the following allegations in his response to OSC's preliminary determination to close the inquiry into his complaint:  his supervisor told him to provide contractual changes for the "CS4 project" to "DPF"; during an August 25, 2015 meeting, a DPF representative told him that they would not accept his changes unless he reported them to a particular contractor, and he responded that the Government does not report to a contractor; 2 hours after the meeting, his supervisor provided the contractual changes to the contractor; during a September 8, 2015 phone call, he told his second-level supervisor what had happened at the meeting and of the FAR regarding Inherently Governmental Functions; his second-level supervisor directed his first-level supervisor to change his FY 2015 performance appraisal; the Executive Director denied his grievance of the performance appraisal as the Performance Review Authority; and the Executive Director should have recused himself as the Performance Review Authority because he had an "intimate" relationship with the contractor.[4]  PFR File, Tab 4 at 35-51.[5]  Based on the above, we find that the appellant provided OSC with a sufficient basis to pursue an investigation into his claim that his FY 2015 performance appraisal was taken in retaliation for disclosing FAR violations and for refusing to obey an order that would require him to violate the FAR. Therefore, we find that the appellant has met his burden of proving by preponderant evidence that he exhausted his administrative remedies before OSC.

---

[4] The appellant also alleged before OSC that he was taken off the CS4 project in August 2015.  PFR File, Tab 4 at 46, 48.  Because the appellant has not discernably raised this purported change in duties as a potential personnel action before the Board in this appeal, we decline to address it further.

[5] As stated, the addition of the OSC closure letters alone enables the appellant to satisfy all of the jurisdictional requirements of an IRA appeal.  PFR File, Tab 1 at 34-37. We reference other documents submitted by the appellant on review only insofar as they provide additional detail and clarity regarding the nature of his claims.

<u>The appellant has nonfrivolously alleged that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).</u>

A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the Interior,* 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

Here, we find that the appellant has nonfrivolously alleged that a reasonable person in his position would believe that the appellant disclosed a matter that evidenced a violation of the FAR.[6] *See Swanson v. General Services Administration,* 110 M.S.P.R. 278, ¶ 11 (2008) (observing that any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists). Specifically, under 48 C.F.R. § 7.503, contracts shall not be used to perform inherently governmental functions, which include the "direction and control of

---

[6] The appellant's allegation that the agency committed prohibited personnel practices against 15 other employees, without more, is outside the scope of an IRA appeal. IAF, Tab 1 at 5. In particular, the appellant does not discernably claim reprisal for reporting such alleged prohibited personnel practices or for assisting any of the employees in the exercise of any appeal, complaint, or grievance right. *See Carney v. Department of Veterans Affairs,* 121 M.S.P.R. 446, ¶ 6 n.3 (2014) (explaining that, although 5 U.S.C. § 1221(a) limits Board appeal rights under 5 U.S.C. § 2302(b)(9)(A) to individuals who exercised appeal, complaint, or grievance rights under (i), with regard to remedying a violation of section 2302(b)(8), there is no such jurisdictional restriction for individuals filing a Board appeal pursuant to 5 U.S.C. § 2302(b)(9)(B)).

Federal employees."  Thus, we find that the appellant made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8).[7]

<u>The appellant failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).</u>

Next, we must consider the appellant's allegation that he engaged in protected activity by refusing to obey an order that would require him to violate the FAR.  When the events at issue in this appeal took place, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take an action against an employee for "refusing to obey an order that would require the individual to violate a law."  The U.S. Court of Appeals for the Federal Circuit found that the protection in section 2302(b)(9)(D) extended only to orders that would require the individual to take an action barred by statute.  *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359, 1361-62, 1364-65 (Fed. Cir. 2016).[8]  Thus, under the law in effect at the time the relevant events took place, the appellant's claim that he disobeyed an order that would require him to violate the FAR fell outside the scope of 5 U.S.C. § 2302(b)(9)(D).  *Id.*  On June 14, 2017, the Follow the Rules Act (FTRA), Pub. L. No. 115-40, 131 Stat. 861, was signed into law.  The FTRA amended section 2302(b)(9)(D) by inserting ", rule, or regulation" after "law."  Because the relevant events at issue in this appeal occurred prior to the June 14, 2017 enactment of the FTRA, we apply the pre-FTRA version of section 2302(b)(9)(D).  *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 19 (concluding that the FTRA does not apply to events that occurred before its

---

[7] On remand, the administrative judge shall address whether the appellant's disclosure was made during the normal course of his duties.  Indeed, if a disclosure is made in the normal course of an employee's duties, that disclosure may, depending on the employee's principal job functions, be subject to a higher burden in order to qualify as a protected disclosure.  5 U.S.C. § 2302(b)(8), (f)(2); *see Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 22.

[8] In so finding, the Federal Circuit relied on the U.S. Supreme Court's decision in *Department of Homeland Security v. MacLean*, 574 U.S. 383, 391-95 (2015), which held that the word "law" in 5 U.S.C. § 2302(b)(8)(A), referred only to a statute, and not to a rule or regulation.

enactment). Thus, the appellant's claim that the agency retaliated against him for refusing to obey an order that would require him to violate the FAR is outside the scope of section 2302(b)(9)(D).

<u>The appellant has nonfrivolously alleged that his protected disclosure was a contributing factor in his FY 2015 performance appraisal.</u>

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. Under the knowledge/timing test, an appellant may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

Here, we find that the appellant has nonfrivolously alleged that his second-level supervisor had knowledge of his protected disclosure on September 8, 2015, when he purportedly told his second-level supervisor what happened at the August 25, 2015 meeting and informed him of the FAR regarding inherently governmental functions. PFR File, Tab 4 at 42. We further find that the appellant has nonfrivolously alleged that his second-level supervisor directed his first-level supervisor to modify his FY 2015 performance appraisal sometime before his appraisal counseling on January 7, 2016. *Id.* at 4, 36; IAF, Tab 1 at 5. Therefore, under the knowledge/timing test, we find that the appellant has nonfrivolously alleged that his whistleblowing disclosure was a contributing factor in his FY 2015 performance appraisal.[9] *See Salerno*, 123 M.S.P.R. 230, ¶ 14 (observing that the Board has held that a personnel action taken within

---

[9] At this jurisdictional stage, we need not resolve the appellant's additional allegations of contributing factor concerning the Executive Director's purportedly biased denial of his grievance of the performance appraisal. PFR File, Tab 4 at 35-36, 49-50.

approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test); *see also Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 23 (2014) (observing that an appellant can establish contributing factor by showing that an individual with knowledge of the appellant's protected disclosure influenced the deciding official accused of taking the personnel action). A performance appraisal is a cognizable personnel action under the statute. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013); *see* 5 U.S.C. § 2302(a)(2)(A)(viii).

Because we find that the appellant has exhausted his administrative remedies with OSC and has made nonfrivolous allegations that the agency modified his FY 2015 performance appraisal due to his protected disclosure, we remand this IRA appeal for the appellant's requested hearing and a decision on the merits of his claim.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall order the appellant to resubmit the materials embedded in his initial appeal filing to ensure a complete record.

FOR THE BOARD: _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.